UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD ALLEN WHITE, JR., <br><br> Plaintiff, <br><br> v. <br><br> ST. JOSEPH COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-357-JD-MGG |

OPINION AND ORDER

Richard Allen White, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

White alleges that on March 19, 2021, he was placed in the "quarantine pod" at the St. Joseph County Jail upon arrival. There was another inmate occupying the top bunk while he occupied the bottom bunk. On March 21, 2021, a third inmate was added to the cell with them. White was told by an unidentified correctional officer that the third inmate had to be placed in the bottom bunk, occupied by White, due to medical issues. White told the correctional officer that it was illegal for him to sleep on the floor

with only his mat and requested a "boat" for his mat. The correctional officer responded that he was new and would check on it. White alleges that he requested a boat every day from March 21 until March 25, but never received one. On March 25, 2021, the third inmate was released from jail and White was able to go back on a bunk. He alleges the overcrowding conditions still exist in the jail because he sees it happening all the time.

Because White is a pretrial detainee his claims about the conditions of the jail must be assessed under the Fourteenth Amendment, which prohibits holding pretrial detainees in conditions that "amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Fourteenth Amendment guarantees inmates "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quotation marks omitted). If a pretrial condition falls below this level, a plaintiff must show the condition was the result of a defendant's purposeful, knowing, or perhaps reckless conduct and that the defendant's conduct was objectively unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015*))*. A defendant's conduct is objectively unreasonable if the challenged condition "is 'imposed for the purpose of punishment,' or . . . if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless . . . .'" *Mulvania,* 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538-39). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda*, 900 F.3d at 353.

2

White claims his rights were violated because he did not receive a boat after a third inmate was added to his two-person cell, forcing him to sleep on a mat on the floor for four days. Without more, this does not rise to the level of a constitutional deprivation. The Supreme Court considered the constitutionality of housing two pretrial detainees on bunkbeds in a one-person cell and concluded, "[w]e simply do not believe that requiring a detainee to share toilet facilities and this admittedly rather small sleeping place with another person for generally a maximum period of 60 days violates the Constitution." *Bell*, 441 U.S. at 543. Further, sleeping on a mat on the floor for four days, while uncomfortable, does not deprive a person of the minimal civilized measure of life's necessities. *See*, *e.g.*, *Rodmaker v. Krienhop*, No. 4:14-cv-070-TWP-TAB, 2014 U.S. Dist. LEXIS 100067 at *6 (S.D. Ind. July 23, 2014) (collecting cases) (pretrial detainees have no constitutional right to have an elevated bed and may be required to sleep with their mattress on the floor); *Robeson v. Squadrito*, 57 F. Supp. 2d 645, 647 (N.D. Ind. 1999) (same). Thus, the complaint does not plausibly allege a Fourteenth Amendment violation.

Moreover, even if the allegations did state a potential Fourteenth Amendment violation, White does not name a viable defendant. For a defendant to be liable under 42 U.S.C. § 1983 he or she must have been personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). While White detailed his conversation with the correctional officer who informed him of the third inmate's placement and fielded his requests for a boat, he does not identify the

3

officer as a defendant. Instead, he names as defendants the St. Joseph County Jail, Warden Julie Lawson, Classification, and Officer Stockbrideg.

Neither the St. Joseph County Jail nor Classification is a "person" or a policy-making unit of government that can be sued for constitutional violations pursuant to § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). Furthermore, White cannot include Classification as a placeholder for unnamed members of the jail's staff. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

As to Warden Lawson, she is not mentioned in the body of the complaint. Thus, it appears she is being sued solely based on her supervisory position at the jail. But there is no general respondeat superior liability under § 1983, which means an individual cannot be held liable simply because they oversee operations in a correctional facility or supervise lower-level staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Here, the complaint does not allege the personal involvement required for liability.

Finally, although White names Officer Stockbrideg as a defendant, the officer was referenced in the complaint only as the officer who received his second grievance complaining about the conditions of the "quarantine pod," after he was released into the general population. Officer Stockbrideg's role is thus limited to handling White's

grievance after he left the conditions in quarantine. However, "grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The complaint alleges no connection between Officer Stockbrideg and the conditions in the quarantine pod.

This complaint does not state a claim for which relief can be granted. Nevertheless, White may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Richard Allen White, Jr., until **November 15, 2021**, to file an amended complaint; and

(2) CAUTIONS Richard Allen White, Jr., if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 22, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT